The Honorable Jay Bradford State Representative Post Office Box 8367 Pine Bluff, AR 71611-8367
Dear Representative Bradford:
I am writing in response to your request for any opinion on the following questions:
 1. If a city has an ordinance which prohibits the overgrowth of grass and weeds on lots, the accumulation of rubbish, etc., and has authorized its code enforcement officers to issue citations, may the officers issue citations immediately upon finding such prohibited conditions exist or are they required to follow the procedures laid out in A.C.A. § 14-54-901 through 14-54-904 first, i.e., must they give seven days notice before they can issue the citation?
 2. If a property owner is a repeat offender and the aforementioned notice is required to be given first, does the officer have to give notice each time the property offends or can the city pass an ordinance providing that once you have been noticed and you fail to maintain the lot, the city can take such steps as necessary and continue to clean the lot and charge it to you as owner as necessary?
 RESPONSE
With regard to your first question, assuming that by "citations" you mean charging instruments for initiating the prosecution of offenses defined by the ordinance, it seems clear that any such citations are distinct from the requisite notice under A.C.A. § 14-54-901-904, which applies in connection with the city ordering property owners to correct prohibited conditions. In response to your specific question, therefore, citations as a general matter may be issued immediately, in my opinion. A response to your second question is unnecessary in light of my conclusion that the notice under A.C.A. §14-54-901-904 is not a prerequisite to the issuance of criminal citations for ordinance or "code" violations. I should nevertheless note regarding the case of repetitive failure to correct prohibited conditions that I find no authority for the city charging the property owner for the city's continued maintenance of the lot. The city may, however, wish to consider availing itself of the civil remedies enacted under A.C.A. §§14-54-1501-1510 (Supp. 2005) for the elimination of a "common nuisance."
Question 1 — If a city has an ordinance which prohibits theovergrowth of grass and weeds on lots, the accumulation ofrubbish, etc., and has authorized its code enforcement officersto issue citations, may the officers issue citations immediatelyupon finding such prohibited conditions exist or are theyrequired to follow the procedures laid out in A.C.A. § 14-54-901through 14-54-904 first, i.e., must they give seven days noticebefore they can issue the citation?
The "seven days notice" under A.C.A. §§ 14-54-901-904 applies when the city, acting pursuant to this statutory authority, corrects unsightly and unsanitary conditions by first notifying the property owner to do so, and then performing the work itself, with the costs charged to the owner. The basic procedure is set forth in subsection 14-54-903 as follows:
 (a) If the owner of any lot or other real property within an incorporated town or city shall neglect or refuse to remove, abate, or eliminate any condition as may be provided for under an ordinance passed by the city or town as provided for in § 14-54-901,[1] after having been given seven (7) days' notice in writing to do so, then the town or city is authorized to do whatever is necessary to correct the condition and to charge the cost thereof to the owner of the lots or other real property.
 (b)(1) The town or city is given a lien against the property for the costs.
 (2) The town or city shall file the lien with the circuit clerk no later than one hundred twenty (120) days after the town or city completes the clean-up work on the property.
 (c) The notice may be issued by a:
 (1) Police officer employed by the city or town;
 (2) City or town attorney; or
 (3) Code enforcement officer employed by the city or town.
A.C.A. § 14-54-903 (Supp. 2005).
In my opinion, there generally is no correlation between the above procedures and the criminal prosecution of offenses established under a city ordinance or "code" prohibiting unsightly and unsanitary conditions such as overgrowth of grass and weeds and accumulation of rubbish. Although I have not seen the ordinance that you mention, I assume that the "citations" you refer to are the charging instruments used in initiating criminal prosecutions.[2] In my opinion, the procedures in A.C.A. §§14-54-901-904, including the seven days' notice, do not apply when the city code enforcement officers issue such citations. As a general matter, therefore, citations may be issued immediately for code violations, in my opinion.
Question 2 — If a property owner is a repeat offender and theaforementioned notice is required to be given first, does theofficer have to give notice each time the property offends or canthe city pass an ordinance providing that once you have beennoticed and you fail to maintain the lot, the city can take suchsteps as necessary and continue to clean the lot and charge it toyou as owner as necessary?
Because I have concluded that the notice under A.C.A. §14-54-903, supra, is not a prerequisite to the issuance of citations for criminal offenses under a properly enacted city ordinance or "code" regulating unsightly and unsanitary conditions, a response to this question appears unnecessary. The apparent concern regarding repeat offenses nevertheless prompts me to refer you to A.C.A. § 14-54-1501 et seq., which authorizes an action "to abate and prevent the continuance or recurrence of the nuisance." A.C.A. § 14-54-1504(a) (Supp. 2005). The term "nuisance" in this statute refers to a "common nuisance" as defined by this body of law, to wit:
 (a) Conduct within a municipality which unreasonably interferes with the use and enjoyment of lands of another, including conduct on property which disturbs the peaceful, quiet, and undisturbed use and enjoyment of nearby property, constitutes a common nuisance.
 (b) For purposes of this subchapter, a common nuisance shall not include conduct which is permitted by and in conformance with city ordinances.
 (c) A common nuisance shall include any three (3) separate district court convictions of health and safety code violations with respect to any one (1) lot or parcel of property within a one-year period or one (1) such conviction if the offense constitutes an imminent threat to the health, safety, or welfare of any citizen. Such conduct is declared to be detrimental to the law-abiding citizens of the municipality and may be subject to an injunction, a court-ordered eviction, or a cause of action for damages as provided for in this subchapter.
A.C.A. § 14-54-1502 (Supp. 2005) (emphasis added).
The city attorney is specifically authorized to bring the action permitted by this subchapter in the case of "activities involving multiple convictions of municipal code violations[.]" A.C.A. § 14-54-1503(b) (Supp. 2005).
The city may therefore wish to consult its attorney to consider a possible action under A.C.A. § 14-54-1501 et seq. against the "repeat offender" as referenced in your question. The alternative is to proceed under A.C.A. § 14-54-903, set out above. The question of how often the "seven (7) days' notice" must be given may depend upon the particular condition at issue, as addressed by the ordinance enacted by the city pursuant to this statutory authority. I can conceive of circumstances, for instance, under which the city could take steps necessary to correct a persistent, recurring condition after once giving the notice. However, I cannot speculate further in this regard without knowing the specific facts and without referencing the particular city ordinance.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
Enclosure
[1] Subsection 14-54-901 states:
 Incorporated towns and cities of the first and second class are empowered to order the owner of lots and other real property within their towns or cities to cut weeds; to remove garbage, rubbish, and other unsightly and unsanitary articles and things upon the property; and to eliminate, fill up, or remove stagnant pools of water or any other unsanitary thing, place, or condition which might become a breeding place for mosquitoes, flies, and germs harmful to the health of the community, after the town or city has provided therefor by an ordinance to that effect.
A.C.A. § 14-54-901 (Repl. 1998).
[2] I have previously opined that city code enforcement officers have criminal citation authority over offenses under properly enacted ordinances regulating garbage and rubbish. Op. Att'y Gen. 2003-110 (copy enclosed).